IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
KENNETH ROYCE LENOIR,        )
                             )
Petitioner,                  )
                             )
vs.                          )   NO. 2:04-CV-392
                             )        (2:00-CR-44)
UNITED STATES OF AMERICA,    )
                             )
Respondent.                  )
```

**OPINION AND ORDER**

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Petitioner, Kenneth Royce Lenoir, on September 22, 2004. For the reasons set forth below, this motion is **DENIED** and the Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner at the Federal Correctional Facility in Pekin, Illinois.

BACKGROUND

Petitioner, Kenneth Royce Lenoir, was charged in a 1-count indictment of being a felon in possession of a firearm, in violation of Title 18 U.S.C. section 922(g)(1). Petitioner subsequently filed

a motion to suppress, which was denied following a hearing. After a jury trial, Petitioner was convicted of being a felon in possession of a firearm. Petitioner then discharged his trial counsel and was appointed new counsel for sentencing. Shortly thereafter, Petitioner discharged his appointed counsel and proceeded *pro se* through sentencing. After being sentenced to a 270-month term of imprisonment, Petitioner appealed his conviction to the Seventh Circuit Court of Appeals. The Seventh Circuit appointed Petitioner appellate counsel. Ultimately, the court of appeals affirmed the jury's verdict. Petitioner then filed a writ of certiorari with the United States Supreme Court, which was denied on October 6, 2003. The instant collateral attack followed wherein Petitioner alleges his trial counsel, stand-by counsel at sentencing and appellate counsel all rendered ineffective assistance. Aside from the ineffective assistance claims, Petitioner also alleges this Court abused its discretion in several respects. Each of these arguments will be addressed in turn.

## DISCUSSION

### Facts

The facts of this case are relatively simple and a detailed account was set out in *United States v. Lenoir*, 318 F.3d 725 (7th Cir. 2003). The Court assumes familiarity with that opinion.

On January 4, 2000, Officer Branson, of the Gary Police

Department, overheard a radio dispatch about a disturbance involving an unidentified male with a gun near 2153 Carolina Street. Shortly thereafter, Officer Branson arrived near the scene and observed Petitioner walking down an alley close to 2153 Carolina. Petitioner appeared to be intoxicated and seemed to be carrying something under his coat. Officer Branson then noticed two guns and an ammunition magazine protruding from Petitioner's coat. Consequently, Officer Branson radioed for back-up. Police cars arrived and, according to Officer Branson, Lenoir then fled into a home located at 2125 Vermont. Officer Jolly pursued Petitioner into the house and, after a brief struggle, apprehended him at the bottom of the basement staircase. The officers recovered an SKS assault rifle with a magazine and a Mossberg 12-gauge shotgun. When Petitioner was brought outside another officer recognized Petitioner as being a convicted felon. Police arrested Petitioner for being a felon in possession of a firearm, resisting arrest and for battering an officer.

Habeas Corpus

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the

maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.; see also Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v.*

-4-

*Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the Court assessed Petitioner's claims with those guidelines in mind.

Ineffective Assistance of Counsel

Counsel in a criminal case must perform according to the standards of a reasonably competent attorney. *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). The test for ineffective

assistance of counsel under *Strickland* is exacting. To successfully assert such a claim, a Defendant must show that his attorney's representation "fell below an objective standard of reasonableness" and that, but for counsel's lapses, "the result of the proceeding would have been different." *Porter v. Gramley*, 112 F.3d 1308 (7th Cir. 1987) (quoting *Strickland*, 466 U.S. at 688, 694). "In sum, counsel's errors must result in a proceeding that is 'fundamentally unfair or unreliable.'" *Kavanagh v. Berge*, 73 F.3d 733, 735 (7th Cir. 1996) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)). The *Strickland* test is highly deferential to counsel, "presuming reasonable judgment and declining to second guess strategic choices." *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997) (citations omitted). For example, trial strategy is not a viable subject for review by this or any other court. *Williams v. McVicar*, 918 F. Supp. 1226, 1233 (N.D. Ill. 1996). Thus, when examining the performance prong of the test, a court must "indulg[e] a strong a presumption that counsel's conduct falls within the wide range of reasonable assistance." *Galowski v. Berge*, 78 F.3d 1176, 1180 (7th Cir. 1996) (internal quotes omitted). Similarly, when examining the prejudice prong, a court must attach a "strong presumption of reliability" to the original verdict. *Kavanagh*, 73 F.3d at 735 (citation omitted). Unless a defendant satisfies both parts of the test, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result

unreliable." *United States v. Fish*, 34 F.3d 488, 492 (7th Cir. 1994). With those principles in mind, the Court will review Petitioner's specific claims.

Ineffective Assistance Claims Against Trial Counsel

Petitioner claims that his trial counsel rendered ineffective assistance for several reasons.  First, Petitioner claims trial counsel rendered ineffective assistance of counsel by refusing to investigate whether or not Petitioner's possession of guns constituted "a crime of violence" before the bail hearing.  Such a failure by his counsel, Petitioner asserts, resulted in the magistrate judge not being informed that Petitioner's possession of firearms was not a crime of violence.  Consequently, Petitioner claims, he was denied bail.  Petitioner asserts that being denied bail was prejudicial because, if he were released on bail pending trial, he would have been able to seek out witnesses "that was around and across the street at the liquer [sic] store to verify the petitioners' version of his arrest."  (Pet.'s Mem. P. 5).  Petitioner's mere conclusory allegations that he could locate some favorable unidentified witnesses is insufficient to satisfy the prejudice prong of *Strickland*.  *United States v. Asubonteng*, 895 F.2d 424, 429 (7th Cir. 1990).  Thus, trial counsel's performance in this regard is immaterial.

Petitioner's second argument is that trial counsel rendered ineffective assistance when he failed to investigate the Petitioner's

claim of collusion and ruse between state and federal agencies. Petitioner claims that state and federal agencies were somehow plotting against him. However, Petitioner does not explain how this alleged deficiency of counsel could satisfy the second prong of *Strickland*. Consequently, this claim must fail. See *Rutledge v. United States*, 230 F.3d 1041, 1050 (7th Cir. 2000)(noting that a "defendant must show that counsel's deficient performance rendered the jury's verdict unreliable or the proceeding fundamentally unfair . . .").

Third, Petitioner argues that trial counsel rendered ineffective assistance of counsel when he failed to investigate the possible defense of justification. Petitioner claims that if his counsel would have interviewed Elaine Riveria, counsel would have learned that Petitioner was possessing weapons to protect Elaine and her children. This, Petitioner argues, would have entitled him to a defense against the charge of being a felon in possession of a firearm. Notably, however, the Seventh Circuit rarely permits a felon to possess a gun lawfully. See *United States v. Perez*, 86 F.3d 735, 737 (7th Cir. 1996)(noting that the necessity defense can only be asserted if the ex-felon, not being engaged in criminal activity, does nothing more than grab a gun with which he or another is being threatened or when the ex-felon first seeks protection from the authorities without success and is in serious danger of deadly harm). Even if Petitioner's counsel would have interviewed Elaine and she would have

simply stated that Petitioner was in possession of the firearms to protect her, Petitioner would not be entitled to any justification instruction in support of his defense. Indeed, such a cursory statement, without more, would not satisfy this Circuit's standard for a defendant to be entitled to a jury instruction predicated on justification. Nevertheless, this argument is foreclosed by Petitioner's own testimony. During the June 8, 2000, suppression hearing, Petitioner testified that he was transporting the guns from Elaine Rivera's house to his mother's house so that Elaine would not sell the guns while he was gone. (June 8, 2000, Tr. P. 35-37) Thus, Petitioner's own version of events, given under oath, would not support any necessity or justification jury instruction. *United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999) ("Because of the great weight we place on these in-court statements, we credit them over [Petitioner's] later claims."). Therefore, it can not be said that trial counsel's failure to interview Elaine was prejudicial under *Strickland*.

Fourth, Petitioner asserts his trial counsel rendered ineffective assistance of counsel when he failed to depose or get affidavits from witnesses regarding Petitioner's now-desired justification defense. However, as Petitioner was not entitled to the justification defense, such an alleged failure by trial counsel cannot be deemed prejudicial under *Strickland*.

Fifth, Petitioner argues that trial counsel rendered ineffective

-9-

assistance by failing to investigate the location of Petitioner's arrest. Petitioner claims that, if his counsel would have investigated the scene of the arrest, then counsel could have argued that the officer's account of the scene was incorrect. This, Petitioner argues, would weigh against the officers' credibility. Again, however, Petitioner fails to establish the required prejudice under *Strickland*. *Spreitzer v. Peters*, 114 F.3d 1435, 1455 (7th Cir. 1997) (noting that counsel's failure to challenge a witnesses credibility, without more, is insufficient to establish the requisite prejudice).

Sixth, Petitioner claims his trial counsel rendered ineffective assistance by failing to address inconsistencies in Officer Branson and Officer Jolly's witness testimony. Again, counsel's failure to challenge a witnesses' credibility, in and of itself, does not satisfy the prejudice prong in *Strickland*. *Id.*

Seventh, Petitioner asserts trial counsel provided ineffective assistance by not objecting to the Government's use of the term "assault weapons." Petitioner claims that the term "assault" was prejudicial, as was the Government showing the guns at issue to the jury. Whatever affect using the term "assault" or showing the jury the weapons at issue may have had, they could not reasonably have, either individually or in the aggregate, "rendered the jury's verdict unreliable or the proceeding fundamentally unfair . . . ." *Rutledge*, 230 F.3d at 1050. Therefore, Petitioner again fails to establish the

-10-

requisite prejudice.

Eighth, Petitioner argues trial counsel provided ineffective assistance of counsel because he did not share the discovery material to Petitioner. Petitioner fails to crystallize how this alleged deficiency caused him any prejudice, which is fatal to Petitioner's claim. *Id.*

Finally, Petitioner claims his trial counsel provided ineffective assistance in failing to inform the Court or Government of Petitioner's self-defense theory. Because Petitioner was not entitled to a self-defense theory, as set forth above, this Court cannot say that his counsel's failure to inform the Government or the Court of it is prejudicial.

<u>Ineffective Assistance of Counsel Claims</u>
<u>Against Sentencing Counsel</u>

After being convicted, Petitioner discharged his trial counsel and was appointed new counsel for sentencing. Petitioner then knowingly and voluntarily discharged his court-appointed counsel and proceeded through sentencing *pro se*, with his discharged appointed counsel as stand-by counsel. Because Petitioner knowingly and voluntarily proceeded *pro se*, he cannot maintain any ineffective assistance of counsel claims during sentencing. "One who exercises the right of self representation cannot contend that he received ineffective assistance of counsel." *Peoples v. United States*, 403 F.3d 844, 849 (7th Cir. 2005).

<u>Ineffective Assistance of Counsel Claims</u>
<u>Against Appellate Counsel</u>

On appeal, the Seventh Circuit appointed Petitioner counsel. Petitioner has brought three ineffective claims against his appellate counsel. First, Petitioner claims appellate counsel rendered ineffective assistance of counsel by refusing to point out conflicts in testimony to show Petitioner is innocent based upon the fact that he had a justifiable reason to carry the firearms. As set forth above, Petitioner has failed to point to any specific facts that would justify him being a felon in possession of a firearm. Thus, as it was not prejudicial for trial counsel to avoid raising the issue, it can not be said to be prejudicial for appellate counsel to avoid raising the issue. *Spreitzer*, 114 F.3d at 1455

Second, Petitioner claims appellate counsel rendered ineffective assistance by applying incorrect legal authorities to the issues presented. It again seems as though Petitioner complains about his counsel not raising the credibility of Officer Branson. This is simply not enough to establish prejudice under *Strickland*.

Third, Petitioner complains that appellate counsel rendered ineffective assistance by refusing to present an Eighth Amendment claim on appeal. Basically, Petitioner claims that his appellate counsel should have argued that the Court's finding of a armed career offender enhancement and the imposition of a twenty-five year sentence is cruel and unusual punishment. As the court of appeals found the armed career criminal enhancement appropriate, however, this claim is

-12-

simply without merit.  This is especially true as the sentence of a 270 month term of imprisonment was within the statutory maximum and the appropriate sentencing guideline range.

### Alleged Abuses of Discretion

Petitioner claims this Court abused its discretion by: (1) denying his motion to suppress; (2) enhancing his sentence with the armed career offender enhancement; (3) allowing the government to look beyond the charging papers of the petitioner's prior convictions; (4) sentencing him beyond the maximum term of imprisonment under 18 U.S.C. section 924(e)(1); and (5) denying to appoint counsel for the sentencing hearing.  These arguments are each without merit.

To start, Petitioner's claim regarding the motion to suppress and the armed career offender enhancement is simply an attempt by Petitioner to revisit issues decided by the Seventh Circuit on direct appeal.  The Seventh Circuit has already determined that this Court properly denied Petitioner's motion to suppress and properly enhanced Petitioner's sentence pursuant to his armed career criminal status. See *Lenoir*, 318 F.3d at 728-733.  Petitioner's attempt to have these claims heard in this forum is improper as the Court will not now address issues that have already been decided by the Seventh Circuit in Petitioner's direct appeal.  *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992).

Petitioner's remaining claims should have been raised in his

-13-

direct appeal but were not.  As noted earlier, Petitioner is barred from raising constitutional issues in his section 2255 motion that were not raised on direct appeal unless he demonstrates either: (1) both good cause for his failure to raise those claims on direct appeal and actual prejudice from the failure to raise those claims; or (2) that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice.  *McCleese*, 75 F.3d at 1177. Petitioner does not even begin to meet either of these tests.  Thus, Petitioner is procedurally barred from pursuing these issues now.  Id.

As a final note, Petitioner attempts to find solace in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).  However, *Blakely*, and its counterpart *Booker*, "do[] not apply retroactively to criminal cases that became final before its release on January 12, 2005." *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).  Because Petitioner's case became final before January 12, 2005, he is unable to pursue this line of reasoning.

CONCLUSION

For the reasons set forth above, the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DENIED.  The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE.**  The Clerk is **FURTHER ORDERED** to distribute a

copy of this order to Petitioner at the Federal Correctional Facility in Pekin, Illinois.


DATED:  November 8, 2005        /s/RUDY LOZANO, Judge
                                United States District Court